**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------

ANTHONY WADE MCALISTER,              :
*individually and on behalf of all others*      :
*similarly-situated*                                       :        CIVIL ACTION NO.: _____
2952 Anzac Avenue                                    :
Roslyn, PA 19001                                       :        **JURY TRIAL DEMANDED**
                                                                  :
                                                                  :
                    Plaintiff,                                :
                                                                  :
          v.                                                    :
                                                                  :
JFI REDI-MIX LLC                                      :
18 West Steel Road                                    :
Morrisville, PA 19067                                :
                                                                  :
                    Defendant.                          :

---------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Anthony Wade McAlister ("Plaintiff") hereby brings this Collective and Class

Action Complaint against Defendant JFI Redi-Mix LLC ("JFI" or "Defendant"), and alleges,

upon personal belief as to his own acts, and upon information and belief as to the acts of others,

as follows:

## NATURE OF THE ACTION

1.        Plaintiff bring this complaint contending that Defendant has unlawfully failed to

pay him and other similarly-situated individuals employed in the position(s) of Mixer Driver

("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act

("PMWA"), 43 P.S. § 333.100, *et seq.*

2.      Plaintiff further contends that Defendant has violated the FLSA by terminating his employment in retaliation for his internal complaints regarding Defendant's improper deduction of pay for meal breaks not taken.

3.      Plaintiff is a former employee of Defendant who was employed in the position of Mixer Driver.  During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

4.      In relevant part, Plaintiff contends that Defendant maintained an unlawful policy and practice of deducting approximately thirty (30) minutes of time for an "unpaid meal break" each shift, despite the fact that Plaintiff and Class Plaintiffs rarely, if ever, actually received a full, uninterrupted break, resulting in the non-payment of overtime compensation in violation of the FLSA and PMWA.

5.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

7.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.    This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff are complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

10.    Plaintiff Anthony Wade McAlister currently resides at 2952 Anzac Avenue, Roslyn, PA 19001.

11.    Upon information and belief, Defendant JFI Redi-Mix LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 18 West Steel Road, Morrisville, PA 19067.

12.    Upon information and belief, Defendant operates throughout the Commonwealth of Pennsylvania, including this judicial district.

13.    Defendant is an employer covered by the FLSA.

14.    During the course of their employment with Defendant, Plaintiff and Class Plaintiffs are/were engaged in commerce within the meaning of the FLSA in that they performed work involving goods purchased and/or ordered from locations outside of Pennsylvania.

15.    Upon information and belief, Defendant is a covered employer under the FLSA in that, during the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had employees engaged in commerce within the meaning of the FLSA.

16.    Plaintiff and, upon information and belief, Class Plaintiffs were employees who was employed by Defendant during all times relevant hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

17.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

20.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Mixer Driver, or in other hourly positions with similar job duties, who worked for Defendant at any point in the past three (3) years, and were subject to Defendant's meal break deduction policy ("Class Plaintiffs").

21.     Plaintiff estimates that there are in excess of fifteen (15) other similarly situated Mixer Drivers who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

22.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because Plaintiff and the Class Plaintiffs are similarly-situated.  Plaintiff and Class

Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's unlawful pay practices, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

23.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

24.     Paragraphs 1 through 23 are hereby incorporated by reference as though the same were fully set forth at length herein.

25.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant in the Commonwealth of Pennsylvania at any point during the past three (3) years in the position(s) of Mixer Driver, or in hourly positions with similar job duties, who were subject to Defendant's meal break deduction policy.

26.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

27.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

C.     Whether Defendant were aware that Plaintiff and the Class were working through and/or not receiving uninterrupted meal breaks;

D.     Whether Defendant implemented and/or maintained an effective mechanism for Plaintiff and the Class to report and request payment for missed meal breaks;

E.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

F.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

28.     Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is a former employee of Defendant who was employed in the position of Mixer Driver and suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to properly pay overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

29.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

30.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

31.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.    Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.    The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

32.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL ALLEGATIONS RELATED TO
## PLAINTIFF'S AND CLASS PLAINTIFFS' CLAIMS FOR UNPAID OVERTIME

33.    Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34.    Plaintiff Anthony Wade McAlister first began his employment with Defendant in in or around late spring/early summer of 2020, when he was hired as a Mixer Driver.

35.    Plaintiff worked for Plaintiff for approximately three (3) months before separating from Defendant.

36.    Defendant rehired Plaintiff as a Mixer Driver on or around May 28, 2021.

37.    Plaintiff continued working for Defendant as a Mixer Driver until on or around May 20, 2022 when his employment was abruptly and unlawfully terminated as described below.

38.    Plaintiff was paid on an hourly basis.

39.    Upon information and belief, all of Defendant's Mixer Drivers are, and were at all times during the past three (3) years, paid on an hourly basis.

40.    Plaintiff and, upon information and belief, all Mixer Drivers were classified by Defendant as "non-exempt" under the FLSA/PMWA.

41.    As Mixer Drivers, Plaintiff's and Class Plaintiff's primary job duty was driving Defendant's concrete mixer trucks from Defendant's office to worksites and back.

42.    In that capacity, Plaintiff and Class Plaintiffs were required to meet at Defendant's office location in Morrisville, PA, where they would drive their mixer trucks to get loaded and otherwise prepare their trucks for the day's work by beating off old cement and washing them.

43.    Plaintiff and Class Plaintiffs would then drive Defendant's mixer trucks to various worksites assigned and scheduled by Defendant, based on a timetable determined by Defendant, where they would operate the truck's controls to pour concrete and wash out and clean the chute before returning to Defendant's office to load up for another job.

44.    During an average workday, Plaintiff and Class Plaintiffs typically were scheduled to drive three (3) to four (4) loads, although they might be called up to drive as many as eight (8) loads on a busy day.

45.    Although there would be short increments of downtime at Defendant's office between assigned jobs, said downtime was inconsistent and unpredictable, during which Plaintiff and Class Plaintiffs would be otherwise engaging in work activities while waiting for their truck to be fully loaded.

46.    Plaintiff and, upon information and belief, Class Plaintiffs were typically scheduled to work six (6) days per week, working approximately ten (10) or more hours per day.

47.    In this regard, Plaintiff typically worked *at least* fifty (50) to fifty-five (55) hours per week.

48.    Upon information and belief, Class Plaintiffs frequently worked at least fifty (50) to fifty-five (55) hours per week.

49.    Upon information and belief, Defendant maintained a policy and practice of deducting approximately thirty (30) minutes from Plaintiff's and Class Plaintiffs' pay for an "unpaid meal break" each working day.

50.    However, Plaintiff and, upon information and belief, Class Plaintiffs rarely, if ever, received these meal breaks, largely as a result of Defendant's failure to allocate time during

their busy schedule to receive a full, uninterrupted break during which they were completely relieved from duty as required by the FLSA/PMWA.  See 29 C.F.R. § 785.19.

51.    Defendant's management were aware that Plaintiff and Class Plaintiffs were not receiving full meal breaks, but failed to take any action to ensure that they received their breaks or were compensated for breaks not received.

52.    For example, on several occasions, Plaintiff complained to Defendant's Dispatcher, Joe Torres ("Mr. Torres"), about the fact that he and Class Plaintiffs were not receiving meal breaks, despite being deducted pay by the wife of Defendant's Owner, Lori Feher ("Ms. Feher"), who fulfilled the role of Office Manager/Administrator.

53.    However, Mr. Torres merely responded, "She [i.e. Ms. Feher] has to take them out for the law."

54.    Defendant did not implement or maintain any mechanism, such as a meal break exception form, for Plaintiff and/or Class Plaintiffs to report and request payment for missed meal breaks.

55.    Upon information and belief, Defendant's management, including Ms. Feher, would monitor Defendant's Drivers (including via security camera) while they were on Defendant's premises and dock them pay for short intervals of time during which they were not visibly engaged in physical work activities for Defendant while awaiting their next assignment.

56.    Plaintiff and Class Plaintiffs were not permitted to leave Defendant's premises during the unpredictable intervals between driving assignments.

57.    As a result of Defendant's unlawful meal break deduction policy, Plaintiff and, upon information and belief, Class Plaintiffs were and are regularly deducted two and a half (2.5)

to three (3) hours of pay per week, depending on whether they worked a five (5) or six (6) day week.

58.     Moreover, because Plaintiff and, upon information and belief, were scheduled to work in excess of forty (40) hours per week, as stated above, Defendant's unlawful meal break deduction policy resulted in Plaintiff and Class Plaintiffs being denied overtime compensation for these two and a half (2.5) to three (3) hours of pay per week.

59.     By way of example, during the workweek of March 3, 2022 to March 9, 2022, Plaintiff was paid for approximately forty-eight (48) hours of work, which was short approximately two and a half (2.5) hours of overtime compensation due to Defendant's improper deduction of pay for meal breaks he did not receive.

60.     Defendant failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA.  See 29 C.F.R. § 516.2.

61.     Defendant was aware that Plaintiff and, upon information and belief, Class Plaintiffs were working significant overtime hours without properly receiving overtime compensation as aforesaid, as a result of missed meal breaks in violation of the FLSA and PMWA.

62.     Plaintiff and Class Plaintiffs were paid on an hourly basis, and thus do not/did not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

63.     Plaintiff and Class Plaintiffs did not/do not have the authority to hire, fire, or discipline other employees of Defendant, nor did/do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

64.     As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

65.     Plaintiff and Class Plaintiffs did not/do not perform work directly related to Defendant's management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendant.

66.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

67.     Plaintiff's and Class Plaintiffs' primary duty did not/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties did not/does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

68.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

69.     Defendant is not a "motor carrier" or a "private motor carrier" within the meaning of the FLSA.

70.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

71.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

72.     As a result of Defendant's aforesaid willfully illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## FACTUAL ALLEGATIONS RELATED TO
## PLAINTIFF'S RETALIATION CLAIM UNDER THE FLSA

73.     Paragraphs 1 through 72 are hereby incorporated by reference as though the same were fully set forth at length herein.

74.     On or around May 19, 2022, Plaintiff met with Defendant's Owner, John Feher ("Mr. Feher") to discuss, among other things, the fact that Defendant's Officer Manager/Administrator, Ms. Feher, was taking money out of his and his coworkers checks for breaks they were not receiving.

75.     Plaintiff told Mr. Feher, "I don't know if you're aware that your wife is taking money from our checks, but we're all unhappy about it."

76.     In response, Mr. Feher claimed that he was not aware about the money or breaks coming out of their checks, but promised, "I'm going to put my best man on it."

77.     Plaintiff was terminated the following day, May 20, 2022.

78.     Specifically, Plaintiff was called into a meeting with Ms. Feher, Mr. Torres, and Defendant's Mechanic Helper, Bill.

79.     Mr. Torres then told Plaintiff, "We no longer require your services," and declined to provide a reason for Plaintiff's termination.

80.     When Plaintiff brought up the deductions Defendant was making for breaks, Ms. Feher stated that she had witnessed Plaintiff "sit in his truck for 52 minutes," which was the reason money had been taken out of his check.

81.     At this point, Mr. Torres told Ms. Feher, "Shut up, you're going to get us in trouble."

82.      It is believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for his internal complaints regarding Defendant's deduction of time for breaks not taken, which resulted in the non-payment of overtime compensation.

83.      Upon information and belief, Defendant had a continuing need for the mixer truck driving services performed by Plaintiff.

84.      As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
<u>**FAILURE TO PAY OVERTIME COMPENSATION**</u>

85.      Paragraphs 1 through 84 are hereby incorporated by reference as though the same were fully set forth at length herein.

86.      Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

87.      Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

88.      Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

89.     Upon information and beliefs, Plaintiff and Class Plaintiffs were regularly forced to work through their approximately thirty (30) minute break periods without pay with the actual and constructive knowledge of Defendant.

90.     As a result, Plaintiff and, upon information and belief, Class Plaintiffs were regularly denied two and a half (2.5) to three (3) hours of overtime compensation per week, depending on whether they worked five (5) or six (6) days per week.

91.     Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

92.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

93.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

94.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the positions of Mixer Driver, or in hourly positions with substantially similar job duties, who worked for Defendant at any point in the past three (3)

years, and were subject to Defendant's meal break deduction policy, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.    Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week during unpaid meal breaks;

E.    Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.    Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.    Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.    Granting Plaintiff and the Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.    For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

95.     Paragraphs 1 through 94 are hereby incorporated by reference as though the same were fully set forth at length herein.

96.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

97.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113; see also 34 Pa. Code § 231.41.

98.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

99.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.       An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.       An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.       An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 215, *et seq.***
**RETALIATION**

100.     Paragraphs 1 through 99 are hereby incorporated by reference as though the same were fully set forth at length herein.

101.     Plaintiff engaged in protected activity under the FLSA as described above.

102.     Shortly thereafter, Defendant retaliated against Plaintiff in the manner described above by terminating his employment.

103.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees have violated the FLSA by discriminating against and discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

104.     As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.      Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F.      Pre-judgment interest in an appropriate amount;

G.      Such other and further relief as is just and equitable under the circumstances.


## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:    _/s/ Michael Groh_____
Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated:   August 8, 2022

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiff's employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.