**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------

| | | |
|---|---|---|
| ANTHONY WADE MCALISTER, | : | |
| *individually and on behalf of all others* | : | |
| *similarly-situated* | : | CIVIL ACTION NO.: 22-03152-JMY |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JFI REDI-MIX LLC | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------

## ORDER DETERMINING GOOD FAITH
## AND APPROVING THE SETTLEMENT AGREEMENT

1.      This matter comes before the Court on the Unopposed Motion of the Named Plaintiff, Anthony McAlister, individually and on behalf of all Opt-In Plaintiffs (collectively "Settlement Class Members"), by the undersigned counsel ("Class Counsel"), for an order and judgment approving the Collective Action Settlement Agreement ("Settlement Agreement") and dismissing with prejudice all claims asserted in this matter.  After reviewing the Settlement Agreement and other related materials submitted by the Parties, and considering any and all objections raised to the settlement, and otherwise being fully apprised of all the facts, the Court hereby enters the following Final Order and Judgment:

2.      This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. §1331 and 29 U.S.C § 216(b), including the four (4) Opt-In Plaintiffs[1] and one (1) Named Plaintiff who have submitted and not withdrawn Opt-In Consent Forms to join this collective action, which was conditionally certified by Order of the

---

[1] Specifically, Brian Burnley, Jourdian Taylor-Plank, Jose Hernandez, and Joshua Steere.

Court dated January 31, 2023.

3.      The Court hereby approves the Settlement Agreement and finds that the

settlement is fair, reasonable, and adequate to all Settlement Class Members. The Court finds

that extensive investigation, research, and litigation has been conducted such that counsel for all

parties are able to evaluate their respective risks of further litigation, including the risk of

decertification, additional costs and delay associated with further prosecution of this action.  The

Court further finds that the Settlement Agreement has been reached as a result of intensive, arms-

length negotiations.

4.      Plaintiff's Counsel should be awarded the amount of $17,902.00 for fair and

reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation,

such award to be paid from the Settlement Amount in full compromise and satisfaction of all

attorneys' fees and expenses incurred by Plaintiff's Counsel as specified in the Settlement

Agreement.  Such awards are to be paid from the Settlement Amount as specified in the

Settlement Agreement.

5.      A Service Award, which is to be paid from the Settlement Amount as specified in

the Settlement Agreement, is approved for the following Named Plaintiff who performed

substantial services for the benefit of the Opt-In Plaintiffs, in the following amounts:

| Name: | Amount: |
|---|---|
| Anthony McAlister | $2,500.00 |

6.      The Court finds and determines that the payments to Settlement Class Members,

as provided in the Settlement Agreement are fair, reasonable, and adequate, and gives approval

to and orders that those payments be made to Settlement Class Members in accordance with the

Settlement Agreement.

7.      This Court hereby dismisses with prejudice the claims of the Named Plaintiff and

all Settlement Class Members who timely negotiate their settlement checks, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.  The claims of Settlement Class Members who do not timely negotiate their settlement checks will be deemed dismissed without prejudice.

8.    All Settlement Class Members who timely negotiate their settlement checks are hereby barred and permanently enjoined from prosecuting, commencing, or continuing, and hereby release any and all wage and hour-related claims, whether known or unknown, arising under any federal, state, or local law (including, without limitation, the FLSA, PMWA, WPCL), and any rights, demands, liabilities, debts, suits, causes of actions, accounts, bonds, covenants, contracts, agreements, judgments, whatsoever in law or equity, in any way related to the claims brought in the Action, including, without limitation, statutory, constitutional, contractual, or common law claims for wages, overtime, or other compensation or benefits of any kind, damages, unpaid costs, penalties, liquidated damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief, whether or not such future damages are known or anticipated, against any Released Party arising on or before the date of this Order, that were or could have been asserted by the Named Plaintiff on behalf of Settlement Class Members in the Action.

9.    The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

BY THE COURT:

/s/ John Milton Younge
The Honorable John Milton Younge

Dated: 11/21/2023

3